[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13548
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-00079-EAK-TGW


BETTY PELC,
a Florida resident,
ROBERT PELC,
a Florida resident,
ADVANTAGE TRIM & LUMBER OF FLORIDA, INC.,
a Florida corporation,

                                    Plaintiffs-Counter Defendants-Appellees,

                        versus

JOHN JEROME NOWAK, a New York resident,

                                    Defendant-Counter Claimant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 2, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

## I. Background

Betty and Robert Pelc and their company, Advantage Trim & Lumber of Florida, Inc., (collectively "Plaintiffs") filed suit against Betty Pelc's brother, John Jerome Nowak ("Defendant"), alleging, among other things, that he committed trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), along with state law claims for defamation and invasion of privacy. These claims were based on (1) Defendant's posting of lengthy false statements on his website claiming that Betty was guilty of the negligent homicide of their mother and had stolen his and Betty's older sister's home; (2) Defendant's posting of private personal information about Betty; and (3) Defendant's use of Plaintiffs' trademarks in his webpage meta and HTML data to lure Plaintiffs' customers to his website and to call for a boycott of Plaintiffs' business. Defendant also used his website to solicit donations.

The district court granted summary judgment in favor of Plaintiffs on each of the above claims,[1] and, after a bench trial, awarded Plaintiffs compensatory, exemplary, and punitive damages. As the prevailing party, Plaintiffs moved for attorney's fees under 15 U.S.C. § 1117(a), in the amount of $85,647.37. The

---

[1] Plaintiffs had previously dismissed the remaining counts.

2

district court awarded fees and costs to Plaintiffs in the amount of $83,099.60.

Defendant appealed *pro se* from the order awarding attorney's fees.[2]

## II. Discussion

We review a district court's award of attorney's fees and costs under 15

U.S.C. § 1117(a) for an abuse of discretion. *Planetary Motion, Inc. v.*

*Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001).

Under the Lanham Act, a prevailing party may recover: "(1) defendant's

profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

15 U.S.C. § 1117(a).  In exceptional cases, the district court can also award

reasonable attorney's fees to the prevailing party.  *Id.*  In this context, an

"exceptional" case is one where the infringing party acts in a "malicious,

fraudulent, deliberate, or willful manner."  *Planetary Motion*, 261 F.3d at 1205.

Even though the sole issue before this Court is the district court's award of

attorney's fees and costs to Plaintiffs, Defendant has raised no argument on appeal

that challenges that award.  Accordingly, Defendant has abandoned any challenge

to the district court's order awarding Plaintiffs attorney's fees and costs.  *See*

*Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that although we

---

[2] We previously dismissed Defendant's appeal to the extent that he was challenging the district court's grant of summary judgment and damages award because his August 1, 2013 notice of appeal was not timely as to the October 3, 2012 decision awarding damages.  We allowed Defendant's appeal to proceed only to the extent that he is challenging the award of attorney's fees.

liberally construe *pro se* briefs, issues not raised in a party's initial brief are deemed abandoned).

Even if Defendant had challenged the attorney's fees and costs, his argument would have failed. The district court stated that attorney's fees were warranted because Defendant admitted that he had used Plaintiffs' trademarks in his webpage data to attract Plaintiffs' customers and potential customers to his website, which he used to defame Betty and invade her privacy. This finding is supported by the record. In his response to Plaintiffs' interrogatories, which were submitted with their summary judgment motion, Defendant admitted that he used Plaintiffs' trademarks "for the purpose of attracting Internet Users searching on the Internet for information regarding the corporate Plaintiff's business, which includes but is not limited to those 'searching for Plaintiff's business.'" As this admission shows that Defendant willfully and deliberately used Plaintiffs' trademarks, the district court did not abuse its discretion in awarding Plaintiffs attorney's fees and costs. *See Planetary Motion*, 261 F.3d at 1205.

Likewise, the district court did not abuse its discretion by setting the amount of attorney's fees and costs. As to attorney's fees, the district court properly determined the lodestar figure by multiplying the number of reasonable hours worked on the case by a reasonable hourly rate, as it was required to do under *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). The

4

district court correctly relied on an affidavit from a Florida intellectual property attorney not involved in the case, in addition to affidavits from both the attorneys in the case, to determine that the hourly rates charged were reasonable. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("Satisfactory evidence [that the requested rate is in line with prevailing market rates] at a minimum is more than the affidavit of the attorney performing the work.").

The district court then specifically considered whether the hours expended were reasonable. It acknowledged that Plaintiffs had already adjusted the hours worked to take into account the fact that attorney's fees were limited to the trademark infringement and unfair competition claims. The court then disallowed recovery for the time spent by the paralegal on clerical work. Based on the above, the district court awarded $82,699.60 in attorney's fees, and there is nothing to suggest that this was an abuse of discretion.

Lastly, as to the costs, the district court did not abuse its discretion in awarding Plaintiffs $400. Instead of awarding Plaintiffs the full amount requested, the district court limited recovery to the costs listed in 28 U.S.C. § 1920, which allows a judge or clerk of any court to tax only certain specific costs. Even though § 1920 allows recovery for making copies, the district court excluded the costs of photocopying because Plaintiffs made no showing that the copies were necessary

for use in the case.  After the costs were excluded for travel expenses, postage, computer research, phone charges, and copies, the $400 included only the filing fee, cost of service of process, and court costs, all of which are recoverable under 28 U.S.C. § 1920.  *See* 28 U.S.C. § 1920(1).

In summary, even if Defendant had not abandoned any challenge to the grant of attorney's fees and costs, we would still conclude that the district court did not abuse its discretion in awarding Plaintiffs $83,099.60.   Therefore, the district court order is **AFFIRMED.**